IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03247-CMA-NRN

J.D., a minor, by and through his parents, CHRIS & KRISTEN D.,

Appellant-Respondents,

v.

DOUGLAS COUNTY SCHOOL DISTRICT,

Appellee-Complainant.

**ORDER ON MOTIONS TO SUBMIT ADDITIONAL EVIDENCE**

Entered by Magistrate Judge N. Reid Neureiter

### 1. Procedural Background

This matter originated with a Complaint by the Appellant, J.D., for review of an administrative law judge's ("ALJ") decision against the Appellant and in favor of the Douglas County School District (the "School District"). J.D. is a minor and a "child with disability" under the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. § 1401(3). J.D. and his Parents seek review and reversal of certain findings and decisions found in an opinion by the ALJ dated October 1, 2018. A State Complaints Officer ("SCO") with the Colorado Department of Education had found that the School District had violated the IDEA by preventing J.D.'s parents from meaningfully participating in the creation and administration of J.D.'s Individualized Education Program ("IEP"). But, after a due process hearing, the presiding ALJ determined that the School District had not violated the IDEA and vacated the SCO's decision. Appellants' complaint alleges that the ALJ lacked jurisdiction and standing to reverse the SCO's decision. Appellants also

1

argue that they were denied meaningful participation in the formation of their child, J.D.'s, November 2017 IEP.

In connection with the requested review of the ALJ's decision, both Parties have sought to supplement the administrative record with additional material. Appellants filed a Motion to Supplement Evidence (Dkt. #25) by which they sought to add two additional pieces of evidence, a May 2018 IEP and an Individual Education Evaluation ("IEE"), which was testified about but not admitted into evidence at the hearing before the ALJ.

The School District similarly filed a Motion for Leave to Submit Additional Evidence (Dkt. #26), by which the School District sought to supplement the record with two letters (closure letters) that were composed and sent after the administrative hearing.

On August 13, 2019, I heard argument on the two sides' respective motions. At that hearing, and for the reasons stated on the record, I granted the School District's motion (Dkt. #26) and allowed two closure letters, Dkt. #26-1 and Dkt. #26-2, as supplemental evidence. However, this admission of Dkt. #26-1 and Dkt. #26-2 was conditioned in the admission of an additional document, Dkt. #33-1, which arguably adds context and clarity to the School District's intent in sending the two closure letters.

With respect to Appellants' Motion to Supplement (Dkt. #25), for reasons stated on the record at the August 13, 2019 hearing, I granted the motion in part by allowing the admission into evidence of the May 2018 IEP. As to the IEE, I reserved ruling and took the matter under advisement. This Order addresses supplementing the record with the IEE.

Based on the arguments of the Parties and the written submissions and relevant authorities, I **GRANT** Appellants' Motion and allow the administrative record to be supplemented with the IEE.

2. **Background on the IEE and why it is not part of the Administrative Record**

The School District had paid for an IEE for J.D. conducted by Developmental Neuropsychologist Dr. Robin McEvoy. Dr. McEvoy completed and submitted the testing to all parties by September 11, 2017. Throughout the IEE, Dr. McEvoy addresses J.D.'s attention and focus issues and how those issues directly interfere with his ability to access his education. There was a November 2017 IEP meeting where the IEE was discussed.

The IEE was part of the exhibits that the SCO considered in initially issuing a decision that the School District had violated J.D.'s parents' rights under the IDEA.

Prior to the due process hearing before the ALJ, the parties stipulated to a series of exhibits on a Joint Exhibit List, which the parties agreed could be offered into evidence but were not stipulated as to admissibility. For whatever reason, J.D.'s counsel did not include the IEE on the list of proposed exhibits. There is no evidence or suggestion that the failure to include to the IEE on the list of proposed hearing exhibits was done intentionally or in bad faith.

At the due process hearing before the ALJ, J.D.'s counsel, attempted more than once to introduce the IEE. The School District objected, arguing that the IEE had not properly been disclosed as a hearing exhibit. Dr. McEvoy, the IEE's author, testified about the IEE itself at the due process hearing, and was allowed to refresh her recollection about its contents by referring to the IEE, but the document itself was not

admitted into evidence. The recording of the November 2017 IEP meeting where the IEE was discussed was admitted into evidence. But I have listened to the recording (provided on a CD as part of the underlying record), and it is somewhat garbled, and difficult to hear and understand because the evaluator was attending by telephone.

### 3. Legal Standard for Admission of Additional Evidence beyond the Administrative Record

The IDEA allows a party aggrieved by an administrative decision to "bring a civil action . . . in a district court of the United States." 20 U.S.C. § 1415(i)(2)(A). Pursuant to the IDEA, district courts "shall receive the records of the administrative proceedings . . . [and] shall hear additional evidence at the request of a party." 20 U.S.C. § 1415 (i)(2)(C)(i)-(ii). The IDEA does not mandate a deferential standard of review for administrative decisions. It is instead a modified *de novo* standard, where the court "looks at the record of the administrative proceedings and decides, based on a preponderance of the evidence, whether the school met the IDEA's requirements." *L.B. ex rel. K.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 973–74 (10th Cir. 2004). Although the district court may accept additional evidence, such evidence arguably is supposed to be "supplemental" to the administrative record. The district court's proceedings must maintain the character of review and not rise to the level of a *de novo* trial. *Id. See also Murray by & through Murray v. Montrose Cty. Sch. Dist. RE-1J*, 51 F.3d 921, 927 (10th Cir. 1995) (district court must "independently review the evidence contained in the administrative record, accept and review additional evidence, if necessary, and make a decision based on the based on the preponderance of the evidence, while giving 'due weight' to the administrative proceedings below").

4

There is a recognized Circuit split in interpreting the IDEA's requirement that a district court "shall hear additional evidence." *Murray,* 51 F.3d at 930-31. *See also L.S. v. Calhan School District RJ-1*, Case. No. 15-cv-00426-LTB-MJW, 2016 WL 541005, at *2 (D. Colo. Feb. 11, 2016). The First and Ninth Circuits construe the term "additional" to mean "supplemental." The Sixth Circuit has adopted a broader view suggesting that "additional" means something different than "supplemental." "[T]o 'add' means to join or unite; the limitation on what can be joined inherent in the term 'supplement' is not present in the term 'add.'" *Calhan School District*, 2016 WL 541005, at *2 (quoting *Metropolitan Gov't v. Cook*, 915 F.2d 232, 234 (6th Cir. 1990)).

Summarizing the various cases on the subject, Judge Babcock in the *Calhan School District* case listed various factors and reasons to be considered when ruling on motions to present additional evidence. These include:

- the important concerns of not allowing a party to undercut the statutory rule of administrative expertise;
- the unfairness involved in one party's reserving its best evidence for trial;
- the reason the witness did not testify at the administrative hearing; and
- the conservation of judicial resources.

*Id.* (citing *Town of Burlington v. Dep't of Educ. For Com. Of Mass.,* 736 F.2d 773, 791 (1st Cir. 1984)). "Exemplary reasons" sufficient to allow admission of additional evidence include: "the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.* (quoting *Town of Burlington*, 736 F.2d at 790). *See also J.N.*

5

*v. South Western Sch. Dist.*, 55 F. Supp. 3d 589, 594 (M.D. Pa. 2014) (listing as factors a court may consider in deciding whether to admit additional evidence as including (1) whether a procedural bar prevented the introduction of the evidence at the administrative hearing; (2) whether the party seeking admission of the evidence deliberately withheld it at the hearing; (3) whether introduction of additional evidence would be prejudicial to the opposing party; and (4) the potential impact of the admission of the evidence on the administration of justice.)

Ultimately, the district court hearing the appeal from an ALJ's decision has the discretion to allow or reject additional evidence. *O'Toole By & Through O'Toole v. Olathe Dist. Sch. Unified Sch. Dist. No. 233*, 144 F.3d 692, 708 (10th Cir. 1998).

### 4. Discussion

The School District opposes supplementing the record with the IEE on two distinct grounds. First, the School District argues that the AJL properly excluded the IEE from the underlying proceeding because the Appellants failed to disclose timely the document as a potential exhibit. Second, the School District argues that the IEE is unnecessary, as it is cumulative of undisputed evidence already in the record. The School District argues that the IEE was discussed for over an hour at an IEP meeting in November 2017 and a recording of that meeting is in the record. In addition, the evaluator—the author of the IEE—testified during the due process hearing about the evaluation, its contents, its consideration at the November 2017 meeting, and even refreshed her recollection with the evaluation several times during her testimony. (*See* Dkt. #34 at 2.) For these reasons, the School District argues the IEE itself is cumulative and not necessary for adequate review of the ALJ's decision.

The IDEA and its implementing regulations require that parties disclose evidence that they intend to introduce at the hearing "at least five business days before the hearing." 34 C.F.R. § 300.512(a)(3). As opposed to other evidence, evaluations are covered by a different regulation section. With respect to an <u>evaluation</u>, the regulations require that at least five business days prior to the hearing, each party must disclose to all other parties all such evaluations completed by that date and recommendations based on the evaluations that a party intends to use at the hearing. 34 C.F.R. § 300.512(b)(1). The regulations further provide that a hearing officer "may bar" any party that fails to comply with paragraph (b)(1) from introducing the relevant evaluation. 34 C.F.R § 300.512(b)(2). But the use of the term "may" indicates that exclusion is not mandated. Because the IEE had not been specifically listed on the list of stipulated exhibits to be offered at the due process hearing, the ALJ sustained the School District's objection under the so-called five-day rule.

"[O]ne of the most obvious purposes of the five-day rule" is to prevent a party "from having to defend against undisclosed evidence produced at the last minute in administrative proceedings." *L.J. v. Audubon Bd. Of Educ.*, Civil No. 06-5350 (JBS), 2008 WL 4276908, at *4 (D. N.J. September 10, 2008). At oral argument before me, the School District conceded that "unfair prejudice" was not its best argument for excluding the IEE, either in the proceeding below or in this proceeding. Indeed, the School District would not have been unfairly prejudiced in any way from the admission of the IEE below. The IEE was no secret. The School District had a copy and was fully aware of the IEE's content. The School District had paid for the IEE. The School District knew the evaluator was going to testify about the IEE at the due process hearing. The evaluator

7

had presented and discussed the IEE at the November 2017 IEP meeting. A difficult-to-understand recording of the November 2017 IEP meeting is in the record. To the extent that the 5-day rule is intended to prevent surprise or unfair prejudice because of undisclosed evidence, there would have been no meaningful surprise or unfair prejudice to the School District from allowing the IEE into evidence below.

In addition, from a review of the relevant regulation, an educational evaluation is treated differently from other evidence. An ALJ is not required to exclude undisclosed or late disclosed evaluations, but "may" exclude them at the request of any party. While the Appellants perhaps did not comply with the technical requirement of identifying the IEE specifically as hearing exhibit, this was not an "undisclosed" piece of evidence about which the School District was previously ignorant. It had previously been disclosed. It was, in fact, a document that the School District had paid for. It was just not included on the list of anticipated exhibits. The School District had advance notice the evaluator would be testifying, and assumed that she would be testifying about the contents of the evaluation. Further, it is strange to allow into evidence a difficult-to-understand tape recording where the contents of the IEE was discussed, and to allow the testifying evaluator to refresh her recollection using the IEE while testifying about the contents of the IEE, but not allow into evidence the document itself, which would have eliminated any questions about its content. The ALJ denied admission of the IEE during the testimony by the evaluator saying, "So you can ask her questions about the document. She can't read from it. So I guess I just want to make sure we know what the parameters are. She can testify about her knowledge of it and, you know, answer questions about it, but she's not reading it into the record." (R. at 1053.)

8

A slavish adherence to technical rules, without regard to whether the opposing party is unfairly prejudiced by a failure to abide by those rules, comes at a cost to the truth-seeking process. In the normal civil litigation context, a failure to comply with disclosure rules under Rule 26(a) may or may not result in the exclusion of evidence at trial, depending on several factors. These factors include (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which such testimony would disrupt the trial; and (4) the moving party's bad faith. *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). These are not dissimilar to factors courts have considered in deciding to admit additional evidence under the IDEA. See *J.N. v. South Western School Dist.*, *supra.* The degree of unfair prejudice to the opposing party from the late disclosure is a critical piece of the analysis.

Here, it appears that the ALJ was under the mistaken impression that exclusion of the evaluation was mandated by the IDEA's regulations because of the late disclosure. It was not. And, based on the School District's concession that it suffered little to no prejudice from the failure of J.D.'s counsel to formally include the IEE on the pre-hearing exhibit list, any consideration of the discretionary factors listed above would have resulted in the IEE being admitted into evidence at the due process hearing.

I find that the IEE is necessary for the Appellants to properly make their case and that there was an abuse of discretion in not allowing the IEE into evidence during the due process hearing. In addition, the garbled nature of the recording where the IEE was discussed provides an additional basis for allowing the IEE into evidence here. The court reviewing the ALJ's decision should not have to guess about the IEE's contents.

Regarding the School District's argument that the IEE need not be admitted into evidence because it would be cumulative, if it is indeed cumulative of evidence that is already in the record, then the School District will not be prejudiced by its admission here. But if IEE adds even a little clarity to the garbled recording of the IEP meeting, or to the testimony of the evaluator herself, then its admission at this stage is appropriate. I find the current circumstances fall into the categories of "exemplary reasons" for allowing additional evidence into the record, as listed by Judge Babcock. *See Calhan School District*, 2016 WL 541005, at *2.

For the reasons outlined above, Plaintiff's Motion to Submit Additional Evidence (Dkt. #25) is **GRANTED** with respect to the request to supplement the record with the Independent Educational Evaluation prepared by Neuropsychologist Dr. Robin E. McEvoy.

Date: August 28, 2019

_____
N. Reid Neureiter
United States Magistrate Judge